IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAVID FRANKLIN BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:21-cv-00055 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| PATRICK HENRY CORR., *et al.*, | ) | By:    Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff David Franklin Brown, a Virginia inmate proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983, claiming that his federal rights were violated at three correctional facilities. Having reviewed Brown's amended complaint, the court concludes that Brown has failed to state a cognizable claim against any of the named defendants. Therefore, the court will dismiss the amended complaint without prejudice under 28 U.S.C. § 1915A(b)(1).

## I.

Brown's amended complaint is sparse and difficult to follow. He appears to allege that his bladder burst at Patrick Henry Correctional Unit, that he was shocked and placed under police watch at Green Rock Correctional Center, and that he was shocked and implanted with a device at Wallens Ridge State Prison. (*See* Am. Compl. ¶ E [ECF No. 21].) Brown further alleges that he has a "built[-]in G.P.S. system" and that people see what he sees when they talk to him. (*Id.*) Brown names each correctional facility as a defendant in the case caption. (*Id.* at 1.) He also lists two individuals: Superintendent Williams and Major Walter Coleman. (*Id.*)

**II.**

Under § 1915A, the court is required to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On review, the court must dismiss a complaint if it "fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**III.**

Section 1983 imposes liability on any "person" who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983[,] a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (quoting *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011)).

It is well settled that a state or local correctional facility is not a "person" within the meaning of § 1983. *See Will v. Mich. Dept' of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); *Va. Office for Prot. & Advocacy v. Reinhard*, 405 F.3d 185, 189 (4th Cir. 2005) (agreeing that "a

state agency . . . is not a 'person' within the meaning of the statute"); *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 893 (E.D. Va. 1992) (holding that local jails in Virginia are properly considered "arms of the state" and "therefore not persons under § 1983"). Accordingly, the named correctional facilities are not proper defendants in this action and any claims against them must be dismissed.

Although state officers sued in their individual capacities are "persons" subject to suit under § 1983, *Hafer v. Melo*, 502 U.S. 21, 23 (1991), Brown fails to state a plausible claim against either of the individual defendants listed in the case caption. The amended complaint includes no further reference to Williams or Coleman and therefore provides no indication as to what either defendant did (or failed to do) to violate Brown's constitutional rights. In a § 1983 action, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Because the amended complaint does not satisfy this requirement, Brown fails to state a claim against either individual defendant.

## IV.

For the reasons stated, the court will dismiss Brown's amended complaint without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.[*]

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to the plaintiff.

---

[*] The court also notes that some of Brown's allegations "rise to the level of the irrational or the wholly incredible" and are therefore factually frivolous. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Frivolity provides another basis for dismissal under § 1915A(b)(1).

- 3 -

**ENTERED** this 26th day of May, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE